**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**DERYCK RHODES,**

                            **Plaintiff,**

                      v.                                        **9:05-CV-836**
                                                                             **(FJS/DEP)**

**M. HOY, Correctional Officer; DANIELS,**
**Grievance Supervisor; E. CARPENTER,**
**Correctional Officer; and GARY GREENE,**
**Warden (Superintendent),**

                            **Defendants.**
_____

**APPEARANCES**                                      **OF COUNSEL**

**DERYCK RHODES**
**95-A-6169**
Attica Correctional Facility
P.O. Box 149
Attica, New York 14011
Plaintiff *pro se*

**OFFICE OF THE NEW YORK**                 **STEPHEN M. KERWIN, AAG**
**STATE ATTORNEY GENERAL**
The Capitol
Albany, New York 12224
Attorneys for Defendants

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

      Plaintiff commenced this action pursuant to 42 U.S.C. § 1983, alleging that Defendants

Hoy and Carpenter, corrections officers at Great Meadow Correctional Facility, where Plaintiff

was housed at all relevant times, assaulted him in violation of his Eighth Amendment right to be

free from cruel and unusual punishment. In addition, he asserted that Defendant Daniels, a grievance supervisor, and Defendant Greene, the prison warden, unlawfully interfered with his efforts to pursue the matter internally through the inmate grievance process in violation of the Due Process Clause of the Fourteenth Amendment.

## II. BACKGROUND

Plaintiff contends that, on June 13, 2004, while he was on his way to the dining area, Defendant Hoy directed him to submit to a pat-frisk search. During the course of this search, Defendant Hoy, with the assistance of Defendant Carpenter, allegedly banged Plaintiff's head against a wall, causing him injury. Thereafter, Plaintiff was taken to the facility's clinic where he was treated for a laceration above his right eye and bruises to his ribs. As a result of this incident, Plaintiff was issued a misbehavior report, alleging several rule violations resulting in a Tier III hearing with mixed findings.

On July 7, 2004, Plaintiff filed a grievance alleging that Defendants Hoy and Carpenter had assaulted him. Additionally, he filed a petition requesting that officials take disciplinary action against these Defendants pursuant to New York Civil Service Law § 75. Plaintiff maintains that his grievance should have been designated as "class forty-nine," which relates to claims of staff misconduct, but that Defendant Daniels coded it as a "twenty-seven," which relates to Tier II and Tier III policies. Upon reviewing the grievance, the Inmate Grievance Review Committee recommended that it be forwarded to the superintendent of the facility because it involved allegations of staff misconduct. On July 26, 2004, Defendant Superintendent Greene denied the grievance, stating that the investigation into the matter failed to yield any

evidence to support Plaintiff's claims. On appeal, the Central Office Review Committee unanimously affirmed that decision.

On or about September 8, 2004, Plaintiff submitted a second grievance, alleging that Defendant Daniels falsified the earlier grievance and that Defendant Greene failed to rectify the error. After deadlocking in its consideration of this grievance, the Inmate Grievance Review Committee forwarded the complaint to Defendant Greene, who denied it. Upon review, the Central Office Review Committee accepted Plaintiff's grievance in part, stating that the earlier grievance should be investigated in light of the allegation of staff assault. There is no indication in Plaintiff's complaint about the result of that investigation.

In response to Plaintiff's claims, Defendants Daniels and Green filed a motion to dismiss on the ground that, even if Plaintiff's allegations about their conduct are true, they fall far short of establishing a constitutional deprivation because a prison inmate has no constitutional right to participate in the established grievance process.[1] On August 28, 2006, Magistrate Judge Peebles issued a Report and Recommendation, in which he recommended that this Court grant Defendants' motion to dismiss. On September 8, 2006, Plaintiff filed his objections to that recommendation.

### III. DISCUSSION

**A.   Standard of review**

The district court reviews *de novo* those portions of the magistrate judge's report-

---

[1] The other two Defendants, Defendants Hoy and Carpenter, filed a joint answer to Plaintiff's complaint.

recommendation and order to which a party objects, *see Singleton v. Caron*, No. 9:03-CV-00455, 2006 WL 2023000, *1 (N.D.N.Y. July 18, 2006) (citations omitted), and for clear error those portions to which a party does not object, *see Stokes v. Artus*, No. 05 Civ. 1975, 2006 WL 1676437, *2 (S.D.N.Y. June 14, 2006) (citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985)).  The district court reviewing a magistrate judge's report-recommendation and order "'may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.'"  *Everson v. New York City Transit Auth.*, No. 1:02-cv-1121, 2007 WL 539159, *3 (E.D.N.Y. Feb. 16, 2007) (citing 28 U.S.C. § 636(b)(1)).

**B.    Plaintiff's procedural due process claim**

"To state a claim under § 1983, 'a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States . . . .'"  *Torres v. Mazzuca*, 246 F. Supp. 2d 334, 342 (S.D.N.Y. 2003) (quoting *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988)).  More specifically, to establish a due process claim, the plaintiff must allege that he has "been deprived of a protected liberty interest" "in order for the due process requirements of the Fourteenth Amendment to apply . . . ."  *Id.* (citation omitted).  "Prison grievance procedures [, however,] do not confer any substantive right upon an inmate requiring the procedural protections envisioned by the Fourteenth Amendment."  *Id.* (citations and footnote omitted).[2]

---

[2] *See also Davis v. Buffardi*, No. 0:01CV0285, 2005 WL 1174088, *3 (N.D.N.Y. May 4, 2005) (holding that "participation in an inmate grievance process is not a constitutionally protected right" (citations omitted)); *Shell v. Brzezniak*, 365 F. Supp. 2d 362, 369-70 (W.D.N.Y. 2005) (holding that "inmate grievance programs created by state law are not required by the Constitution and consequently allegations that prison officials violated those procedures does [sic] not give rise to a cognizable § 1983 claim" (citation omitted)); *Cancel v. Goord*, No. 00
(continued...)

Applying these principles to the present case, the Court agrees with Magistrate Judge Peebles' conclusion that Plaintiff cannot establish a due process claim against Defendants Daniels and Greene. Since state-created inmate grievance procedures do not create a protected liberty interest, the protections of the Due Process Clause of the Fourteenth Amendment are not implicated even if Defendants' conduct made it impossible for Plaintiff to receive an impartial decision within the grievance process.

This does not mean, however, that Plaintiff is without recourse to redress the alleged injuries he suffered as a result of his encounter with Defendants Hoy and Carpenter. He has the right, which he exercised, to appeal the determination of the Tier III hearing officer and, ultimately, he has the right to have this Court review the prison officials' final determination if that decision violated his constitutional rights and the prison grievance system did not satisfactorily redress the wrong about which he complains. Therefore, Plaintiff's claims regarding the incident itself, i.e., his Eighth Amendment claims against Defendants Hoy and Carpenter, are properly before this Court for its review. However, as the court noted in *Torres*, "any alleged inadequacies or unfavorable decisions concerning the prison's internal grievance process do not give [Plaintiff] the right, as a matter of course, to have the Court consider not only the Eighth Amendment charge which was the subject of his grievance, but also due process allegations based on failures in the grievance system." *Torres*, 246 F. Supp. 2d at 342 n.1.

Accordingly, the Court adopts Magistrate Judge Peebles' recommendation and grants

---

²(...continued)
CIV 2042, 2001 WL 303713, *3 (S.D.N.Y. Mar. 29, 2001) (holding that "inmate grievance procedures are not required by the Constitution and therefore a violation of such procedures does not give rise to a claim under § 1983" (citation omitted)).

Defendants' motion to dismiss Plaintiffs' claims against Defendants Greene and Daniels because Plaintiff did not suffer a constitutional deprivation as the result of their conduct.

### C.    Leave to replead

Rule 15 of the Federal Rules of Civil Procedure authorizes a court to grant leave to amend a complaint when justice so requires. *See* Fed. R. Civ. P. 15(a). If a complaint does not comply with certain standards, ordinarily, a court will grant the plaintiff leave to file an amended complaint that conforms to the requirements of the federal rules. *See Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (citations omitted). Moreover, courts should not dismiss a *pro se* litigant's complaint without granting leave to amend when there is "'any indication that a valid claim might be stated.'" *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 795, 795-96 (2d Cir. 1999) (quoting *Branum v. Clark*, 927 F.2d 698, 705 (2d Cir. 1991)). If, however, the court rules out any possibility that the amended complaint will state a claim, the court should not grant the plaintiff leave to amend his complaint. *See id.* at 796.

Applying these principles to the present case, Magistrate Judge Peebles concluded that, because Plaintiff could not assert a cognizable claim against Defendants Greene and Daniels, it would be futile to allow him to replead. *See* Report and Recommendation at 14. This Court agrees. The problem with Plaintiff's claims against these Defendants is substantive and, therefore, repleading will not cure the deficiencies. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (citation omitted) (denying request for leave to replead because it would be futile). Accordingly, the Court adopts Magistrate Judge Peebles' recommendation and denies Plaintiff the opportunity to replead his claims against Defendants Greene and Daniels.

## IV. CONCLUSION

After carefully reviewing Magistrate Judge Peebles' Report and Recommendation, Plaintiff's objections thereto, and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Magistrate Judge Peebles' August 28, 2006 Report and Recommendation is **ADOPTED IN ITS ENTIRETY**; and the Court further

**ORDERS** that Defendants Greene's and Daniels' motion to dismiss is **GRANTED**; and the Court further

**ORDERS** that leave to amend the claims against Defendants Greene and Daniels is **DENIED AS FUTILE**; and the Court further

**ORDERS** that this matter is referred to Magistrate Judge Peebles for all further pretrial matters.

**IT IS SO ORDERED.**

Dated: May 5, 2007
    Syracuse, New York

Frederick J. Scullin, Jr.
Senior United States District Court Judge